254 Park Ave. S. LLC v Sgroi (2024 NY Slip Op 50418(U))

[*1]

254 Park Ave. S. LLC v Sgroi

2024 NY Slip Op 50418(U)

Decided on April 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570044/24

254 Park Avenue South LLC, Petitioner-Landlord-Appellant, 
against
Ernest Sgroi, Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Tracy Ferdinand, J.), dated March 30, 2023, denying its motion to restore the proceeding to the calendar, amend the petition, and for a final judgment of possession and issuance of a warrant of eviction, in a nonpayment summary proceeding.

Per Curiam.
Order (Tracy Ferdinand, J.), dated March 30, 2023, modified by granting landlord's motion to the extent of restoring the proceeding to the calendar; as modified, order affirmed, without costs, and matter remanded to Civil Court for further proceedings consistent herewith.
The stipulation settling this nonpayment proceeding provided that tenant would pay rent arrears by a date certain, landlord would correct certain enumerated conditions upon specified access dates, and that upon default by either party, the "proceeding may be restored to the calendar ... and the movant may seek appropriate relief." 
Upon landlord's motion seeking, inter alia, to restore the proceeding to the calendar and for entry of judgment, based upon the unrefuted allegation that tenant failed to tender rent arrears pursuant to the terms of the stipulation, the court should have restored the matter to the calendar and rendered appropriate relief (see Wallkill Affordable Senior Hous., LP v Powell, 67 Misc 3d 136[A], 2020 NY Slip Op 50554[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). "Strict enforcement of the parties' stipulation ... is warranted based upon the principle that the parties to a civil dispute are free to chart their own litigation course" (Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). Notwithstanding the absence of any specific language in the stipulation authorizing the entry of judgment upon a default, the court had authority to render, and the stipulation expressly provided for, an "award [of] appropriate relief - i.e. enforcement of the stipulation of settlement" (Zuker v Landau, 194 AD2d 500,501 [1993], lv dismissed 82 NY2d 920 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 15, 2024